**Thaddeus G. BENTON and J. Lamar
Butler, Plaintiffs-Appellants,**

v.

**Glenn McCARTHY, Glenn McCarthy, Inc.,
and William McCarthy, Defendants-
Appellees.**

**No. 233, Docket 25923.**

United States Court of Appeals
Second Circuit.

Argued March 11, 1960.

Decided April 4, 1960.

See also 23 F.R.D. 235.

Thaddeus G. Benton, New York City (Neilson Olcott, Lawrence W. Krieger, and Leslie W. Gallt, New York City, on the brief), appellant pro se and for appellant J. Lamar Butler.

Leo B. Mittelman, New York City, for defendants-appellees.

Before CLARK, WATERMAN, and LEWIS,* Circuit Judges.

PER CURIAM.

Defendant Glenn McCarthy, the owner of an oil and gas concession in Bolivia, desired to obtain financing for the development of the concession through the sale of an undivided interest in the lease. Such an agreement was entered into by defendant corporation and Keljikan Commercial Corporation, which purchaser was obtained through plaintiffs' efforts. The defendants, however, were unable to procure guarantees from the Mutual Securities Agency against expropriation of the lease or as to conversion of the profits from Bolivian to American currency, as was contemplated by the agreement. Hence the agreement was terminated without any payments being made by Keljikan.

Plaintiffs allege an oral commission contract under which they were to receive a 10 per cent "carried" interest in the enterprise, plus 5 per cent of the purchase price. Defendants' position is that the commission promised was a reasonable percentage of the financing obtained, payable if and when such moneys were actually received. The district court, concluding that the "plaintiffs' version of the transactions is not credible in the light of all the evidence and all of the facts and circumstances," found for the defendants.

On this appeal, plaintiffs recite at some length the evidence adduced at the trial in an attempt to overturn the findings below. They have, however, succeeded only in demonstrating the conflicting nature of the testimony. Hence Judge Bryan's findings of fact cannot be found "clearly erroneous," F.R. 52(a); and we can find no reason to disturb his resolution of the conflict in favor of the defendants. The terms of the express contract found by the judge, conditioned upon the actual receipt of the financing payments by the defendant corporation, exclude any possibility of recovery in *quantum meruit*.

Judgment affirmed.

* Of the Tenth Circuit, sitting by designation.